IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOLOMON NWOKO, | § | |
| | § | CIVIL ACTION NO. _____ |
| *Plaintiff,* | § | (JURY DEMANDED) |
| | § | |
| v. | § | |
| | § | |
| MURPHY OIL USA, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas, 151st Judicial |
| *Defendant.* | § | District, Cause No. 2020-69414 |

# EXHIBIT B

(Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings)

1. Plaintiff's Original Petition;

2. Affidavit of Service of Citation;

3. Defendant's Original Answer.

NO. _____

| | | |
|---|---|---|
| SOLOMON NWOKO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MURPHY OIL USA, INC. | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Solomon Nwoko, and files the following original petition against Murphy Oil USA, Inc. ("Murphy Oil"). This case will be controlled by Discovery Plan Level Two (2) as required by Tex. R. Civ. P. 190.

## PARTIES, RESIDENCE AND SERVICE

Plaintiff, Solomon Nwoko, is a resident of Harris County, Texas.

Defendant, Murphy Oil, is a Delaware corporation doing business in Harris County, Texas. Murphy Oil can be served by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

The amount in controversy is within the jurisdictional limits of this Honorable Court. Because the incident which forms the basis of this petition occurred in Harris County, Texas, venue is proper in this Court. TEX. CIV. PRAC. & REM. CODE § 15.002.

## FACTUAL BACKGROUND

Solomon Nwoko bought gas at the Murphy Oil gas station on West Belfort at Gessner on February 16, 2020. He prepaid $30.00 for his purchase, and his car did not need that much gas. He

-1-

therefore asked the clerk to include some other items from the store as part of his purchase. She told him that he would have to wait because they were about to change shifts. After the shift change, the same clerk became abusive and refused to alter the sale. She called her boyfriend, "Nicholas." He, his cousin "Tyler" and a third person showed up and viciously assaulted Solomon Nwoko.

## NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION

Murphy Oil is liable for all conduct detailed above under theories of negligent hiring, supervision, training and retention. Murphy Oil owed its invited customers a duty to hire, supervise, train and retain competent employees. Murphy Oil breached those duties. One of its employees thought it was proper to verbally assault a paying customer and then arrange for him to be viciously assaulted physically. One of Murphy Oil's employees therefore aided, abetted, assisted, participated in and encouraged the assault of one of Murphy Oil's customers. Murphy Oil knew, or in the exercise of reasonable care, should have known that this clerk was unfit and not competent. Murphy Oil's breach of those duties proximately caused Solomon Nwoko's damages.

## ASSAULT DAMAGES

As a direct and proximate result of the actions of Defendant, Solomon Nwoko has suffered and will suffer the following damages:

1. physical pain and mental anguish in the past and future;

2. disfigurement in the past and future;

3. physical impairment in the past and future; and

4. medical care expenses in the past and future.

Because Defendant acted with malice, Solomon Nwoko seeks recovery of exemplary damages against Defendant. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that he seeks monetary relief over $1,000,000.00.

## CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred for all causes of action to be brought and all damages to be recovered as required by Texas Rule of Civil Procedure 54.

## CONCLUSION AND PRAYER

Plaintiff, Solomon Nwoko, requests that Defendant, Murphy Oil USA, Inc., be cited to appear and answer, and that after final hearing on this matter, Plaintiff have judgment against Defendant for all actual and punitive damages outlined above, prejudgment and post-judgment interest at the highest rates allowed by law, costs of court, and all other relief, both general and special, legal and equitable, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

Craig R. Keener, P.C.

/s/ Craig R. Keener
By: Craig R. Keener
State Bar No. 11167875
1005 Heights Boulevard
Houston, Texas 77008
CRKeener@aol.com
(713) 529-0048 Telephone
(713) 529-2498 Facsimile

ATTORNEY FOR PLAINTIFF
SOLOMON NWOKO

Case 4:20-cv-04155   Document 1-3   Filed on 12/04/20 in TXSD   Page 5 of 9

11/30/2020 8:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48455105
By: TERESA KIRBY
Filed: 11/30/2020 8:56 AM

CAUSE NO. 2020-69414

| | | |
|---|---|---|
| SOLOMON NWOKO, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 151ST JUDICIAL DISTRICT |
| | § | |
| MURPHY OIL USA, INC., | § | |
| | § | |
| *Defendant*. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND JURY DEMAND

Defendant Murphy Oil USA, Inc., Inc. files this its Original Answer, Special Exceptions and Jury Demand and in support thereof respectfully shows the Court as follows:

### I.
### GENERAL DENIAL

1.01   Defendant hereby exercises its right under the law wherein it may file a general denial and require the Plaintiff to prove his causes of action by a preponderance of the evidence. Therefore, Defendant denies, each and every, all and singular, the allegations contained in Plaintiff's most recent Petition for the sole purpose of requiring Plaintiff to prove his causes of action to the Court.

### II.
### SPECIAL EXCEPTIONS

2.01   Pursuant to Rule 91 of the Texas Rules of Civil Procedure, Defendant sets forth the following special exceptions to Plaintiff's Original Petition:

2.02   Defendant specially excepts to Plaintiff's Original Petition factual background as overly general as it fails to state the address of the alleged location where the assault occurred.  Of

the foregoing exception, Defendant prays an order of the Court requiring Plaintiff to re-plead so as to provide the address of the alleged location where the assault occurred.

2.03   Defendant specially excepts to Plaintiff's Original Petition as the factual background is insufficient and overly general as it fails to identify and/or describe the Defendant's alleged employee with sufficient particularity so that Defendant can identify such person. Of the foregoing exception, Defendant prays an order of the Court requiring Plaintiff to re-plead so as to provide sufficient facts from which Defendant can identify the alleged employee he claims assaulted him.

2.04   Defendant specially excepts to Plaintiff's Original Petition as defective as Plaintiff has failed to plead with sufficient particularity facts to support the elements of their causes of action for negligent hiring, supervision, training and retention.  Specifically, these claims require Plaintiff to prove:  1) a duty owed by the employer to the injured party; 2) breach of the duty; and 3) injury proximately caused by the breach. Plaintiff's petition is defective as it fails to provide sufficient information to apprise Defendant of the facts supporting their claim that Defendant breached any duty owed to Plaintiff or that such a breach was the proximate cause of Plaintiff's alleged injuries. Of the foregoing exception, Defendant asks the Court to require Plaintiff to re-plead his petition to as to set forth separately and distinctly sufficient facts to support each of these elements.

### III.
### ADDITIONAL MATTERS

3.01   Defendant is not responsible for any alleged intentional tort committed by an employee as such conduct, as a matter of law, falls outside of the course and scope of such employee's employment.

3.02    Pleading further, and in the alternative, Defendant would show that Plaintiff's damages, if any, were caused in whole or in part by the negligent acts, omissions, conditions, or tangible items over which Defendant had no control, and that those acts, omissions, conditions, or tangible items were the proximate, contributing, sole, new and independent, or subsequent intervening and superseding cause of Plaintiff's damages, if any.

3.03    Defendant affirmatively pleads that Plaintiff's recovery, if any, of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff as mandated by the Texas Civil Practice and Remedies Code §41.0105.

3.04    Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

## IV.
## RULE 193.7 NOTICE

4.01    Pursuant to Texas Rule of Civil Procedure 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice to all parties that any and all documents and materials produced by Plaintiff in response to written discovery may be used as evidence in this case at any pre-trial hearing, trial and/or arbitration of this matter unless a timely and proper objection has been made to same.

## V.
## JURY DEMAND

5.01    Defendant asserts its right to trial by jury, under Texas Constitution Article 1, Section 15, and make this demand for a jury trial in accordance with Texas Rules of Civil Procedure 216.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that upon final hearing herein, Plaintiff will recover nothing from Defendant.  Defendant further prays that judgment be

awarded in its favor; that all costs be taxed against Plaintiff; and for such and further relief, at law or in equity, to which Defendant may be justly entitled.

                Respectfully submitted,

                **JACKSON LEWIS, P.C.**

                */s/ Jennette E. DePonte*
                Jennette E. DePonte
                Texas State Bar No. 00795935
                Jennette.DePonte@JacksonLewis.com
                Ross Tower
                500 N. Akard, Suite 2500
                Dallas, Texas 75201
                Telephone:  214.520.2400
                Facsimile:  214.520.2008

        **ATTORNEYS FOR DEFENDANT**
        **MURPHY OIL USA, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of ***Defendant's Original Answer, Special Exceptions and Jury Demand*** was served via e-file, upon Plaintiff as noted herein below on this 30th day of November, 2020.

Craig R. Keener
Craig R. Kenner, P.C.
1005 Heights Boulevard
Houston, Texas 77008
CRKeener@aol.com

**ATTORNEY FOR PLAINTIFF**

                                        */s/ Jennette E. DePonte*
                                        Jennette E. DePonte